UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,        ) | |
| )   | |
| Plaintiff,        ) | |
| )   | |
| v.        ) | Court No. 09-213 |
| )   | |
| AEGIS INSURANCE SECURITY CO., INC. and        ) | |
| INTERNATIONAL FIDELITY INSURANCE CO.        ) | |
| )   | |
| Defendants.        ) | |
| )   | |

## COMPLAINT

The United States, through its undersigned attorneys, brings this action against Aegis

Insurance Security Co., and International Fidelity Insurance Co., and alleges the following:

1.      This action is brought by the United States of America to recover, under various

bonds, unpaid Customs duties in the amount of $65,486.97, pursuant to 19 U.S.C. § 1592(d),

plus statutorily required interest pursuant to 19 U.S.C. § 580.

## JURISDICTION

2.      This court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C.

§ 1582.

3.      United States Customs and Border Protection ("CBP") issued pre-penalty and

penalty notices to the importer of record for merchandise entered under cover of bonds

underwritten by defendants.  CBP also served copies of these notices upon defendants and served

a demand for duties upon defendants.

4.     This action is timely pursuant to 19 U.S.C. § 1621, because all subject entries were made on or after May 24, 2004, which is within five years of the date of filing of this complaint.

## PARTIES

5.     Defendant, Aegis Insurance Security Company, ("Aegis"), a corporation doing business care of Avalon Risk Management, Inc., located at 150 Northwest Point Boulevard, Fourth Floor, Elk Grove Village, Illinois 60007, was authorized at all times relevant to this complaint, to underwrite surety bonds.

6.     Defendant, International Fidelity Insurance Security Company, ("International Fidelity"), a corporation located at 2 Hudson Place, 4th Floor, Hoboken, New Jersey 07030, was authorized at all times relevant to this complaint, to underwrite surety bonds.

## BACKGROUND

I.     **Aegis Bonds And Covered Entries**

7.     Throughout May and June 2004, Asimco Camshaft Specialties, Inc. ("ACS Grand Haven"), as principal, and Aegis, as surety executed Single Transaction Bonds, Customs Form 301, for 20 entries.  The coverage amount of the single entry bonds varied from $1,000 to $42,000.  Under the terms of the single entry bonds underwritten by Aegis, ACS Grand Haven and Aegis jointly and severally guaranteed payment of all duties, taxes and charges due as a result of the entry of merchandise into the United States between May 24, 2004 and June 21, 2004.

8.     On or about June 22, 2004, ACS Grand Haven, as principal, and Aegis, as surety, also executed a Continuous Basic Importation and Entry Bond, Customs Form 301, in the amount of $50,000.00.  Under the terms of the continuous bond, ACS Grand Haven and Aegis

jointly and severally guaranteed payment of all duties, taxes and charges due as a result of the entry of merchandise into the United States between June 25, 2004 and June 24, 2007.

9.      From May 24, 2004, through June 21, 2004, ACS Grand Haven imported camshafts from Brazil Great Britain and, to a lesser extent, China, into the United States under cover of 20 entries.  Exhibit A (entry worksheet for all entries covered by Aegis' single entry bonds).  Aegis was the surety for all of these entries under single entry bonds.  Exhibit B (Aegis single entry bonds covering all entries identified in Exhibit A).

10.      From June 29, 2004, through December 11, 2006, ACS Grand Haven imported camshafts from Brazil and Great Britain and, to a lesser extent, China, into the United States under cover of 135 entries.  Exhibit C.  Aegis was the surety for all of these entries under the continuous entry bond.  Exhibit D (Aegis continuous bond covering all entries identified in Exhibit C).

## II.      International Fidelity Bonds

11.      On or about May 28, 2004, ACS Grand Haven, as principal, and International Fidelity, as surety, executed Single Transaction Bonds, Customs Form 301, for six entries, each in the amount of $28,000.

12.      On or about June 15, 2004, ACS Grand Haven, as principal, and International Fidelity, as surety, duly made, executed and delivered to Plaintiff Single Transaction Bonds, Customs Form 301, for seven entries, each in the amount of $28,000.

13.·      On or about June 16, 2004, ACS Grand Haven, as principal, and International Fidelity, as surety, duly made, executed and delivered to Plaintiff Single Transaction Bonds, Customs Form 301, for three entries, each in the amount of $28,000.

14.     On or about June 22, 2004, ACS Grand Haven, as principal, and International Fidelity, as surety, duly made, executed and delivered to Plaintiff Single Transaction Bonds, Customs Form 301, in the amount of $28,000, for one entry.

15.     Under the terms of the Single Transaction Bonds, ACS Grand Haven and International Fidelity jointly and severally guaranteed payment of all duties, taxes and charges, not in excess of $28,000 per entry, due as a result of the entry of merchandise between June 1, 2004 and June 23, 2004 into the United States.

16.     From June 1, 2004 through June 23, 2004, ACS Grand Haven imported camshafts from Brazil and Great Britain and, to a lesser extent, China, into the United States under cover of 17 entries.  Exhibit E (entry worksheet for all entries covered by International Fidelity bonds). International Fidelity was the surety for all of these entries.  Exhibit F (International Fidelity bonds covering all entries identified in Exhibit E).

**III.     ACS Grand Haven's Misclassification In Violation Of 19 U.S.C. § 1592(a)**

17.     The majority of the camshafts subject to this complaint were classifiable under subheading 8483.10.3010 HTSUS, with an ad valorem duty rate of 2.5%.  The remaining camshafts were classifiable under subheading 8483.10.1030 HTSUS, also with an ad valorem duty rate of 2.5%.

18.     The subject camshafts were entered or introduced, or caused to be entered or introduced into the United States, by means of material false statements, acts and omissions in violation of 19 U.S.C. § 1592(a), in that the merchandise on the entries were misclassified under subheading 8483.10.5000 HTSUS as duty free.

19.     The false statements and/or omissions referred to in paragraph 22 were material because they had the potential to affect determinations made by CBP concerning the classification of the merchandise and liability for duties.

20.     Furthermore, ACS Grand Haven did not exercise reasonable care and, thus, was in violation of 19 U.S.C. § 1592(a).  Specifically, in August 2004, CBP notified ACS Grand Haven that it had misclassified various entries of cam shafts.  ACS Grand Haven thereafter correctly classified certain entries but one month later, again classified its cam shafts as duty free in contravention of CBP's direction.

21.     As a result of the violations described in paragraphs 17 through 20 above, the United States was deprived of lawful duties, taxes and fees in excess of $259,927.43, the majority of which remains unpaid.

## COUNT I

22.     The allegations contained in paragraphs 1 through 21 above are incorporated by reference.

23.     Pursuant to 19 U.S.C. § 1592(d), Aegis is liable for payment of $54,069.89, representing the portion of unpaid duties, taxes and fees for which Aegis is responsible on the 155 entries dated from May 24, 2004, through December 11, 2006, for which Aegis provided bond coverage.

## COUNT II

24.     The allegations contained in paragraphs 1 through 23 above are incorporated by reference.

25.     Under 19 U.S.C. § 1592(d), International Fidelity is liable for payment of $11,417.08, representing the portion of unpaid duties, taxes and fees for which the Defendant is

responsible on the 17 entries dated from June 1, 2004, through June 23, 2004, for which International Fidelity provided bond coverage.

## COUNT III

26.     The allegations contained in paragraphs 1 through 25 above are incorporated by reference.

27.     Each defendant is liable for statutory interest running from the date of demand pursuant to 19 U.S.C. § 580.

WHEREFORE, the United States respectfully requests that the Court enter judgment:

(a)     against Aegis in the amount of $54,069.86, plus statutory interest pursuant to 19 U.S.C. § 580, plus attorney fees, and such other and further relief as may be just and appropriate; and

(b)     against International Fidelity in the amount of $11,417.08, plus statutory interest pursuant to 19 U.S.C. § 580, plus attorney fees, and such other and further relief as may be just and appropriate.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:
BLAKE K. HEARGHTY
Office of Assistant Chief Counsel
  U.S. Customs and Border Protection
Detroit, MI 48226

STEPHEN C. TOSINI
Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C.  20530
Tel.: (202) 616-5196
Fax: (202) 514-7969

May 24, 2009

Attorneys for Plaintiff.